972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lee R. HUBBARD, Defendant-Appellant.
 No. 91-1430.
 United States Court of Appeals, Tenth Circuit.
 Aug. 4, 1992.
 
 Before JOHN P. MOORE, McWILLIAMS and BARRETT, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The only issue in this appeal is whether the district court erroneously enhanced defendant's sentence on the ground he abused a trust. Following United States v. Williams, --- F.2d ----, (10th Cir.1992), 1992 WL 115327, we affirm.
 
 
 2
 Mr. Hubbard was the owner of an insurance company which did business with three professional teams, the Los Angeles Raiders, the Denver Broncos, and the Denver Nuggets. The teams sent Mr. Hubbard payments for insurance premiums which Mr. Hubbard retained instead of forwarding them to the appropriate insuring entities. He plead guilty to various counts of wire and mail fraud.
 
 
 3
 The district court applied a two level upward adjustment to Mr. Hubbard's sentence in accordance with Guideline § 3B1.3 which appertains "[i]f the defendant abused a position of ... private trust ... in a manner that significantly facilitated the commission or concealment of the offense." A "position of trust" is not defined by the guidelines, but the commentary to § 3B1.3 suggests:
 
 
 4
 The position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity which could as easily have been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller.
 
 
 5
 U.S.S.G. § 3B1.3, Comment, n. 1. Factors such as the extent to which the position provides the freedom to commit a surreptitious crime; whether an abuse could be simply or readily noticed; the duties of the defendant compared to those of other employees; the level of a defendant's specialized knowledge or authority; and the level of public trust have all been considered by courts in determining whether a defendant was in a position of trust, Williams, 1992 WL 115327, at * 1.
 
 
 6
 Whether a person abused a position of trust is "a sophisticated factual determination that will be affirmed unless clearly erroneous." Id. In this case, the district court commented:
 
 
 7
 This is a gentleman who, by virtue of the fact that he was entrusted with funds personally--not on behalf of a bank--for use pursuant to a trust agreement with the [teams] ... instead of putting the funds into a trust account as would be appropriate under the circumstances and using them for the purpose intended ... diverted them for his own purposes.
 
 
 8
 The defendant argues the enhancement was erroneous, this finding notwithstanding.
 
 
 9
 He contends the enhancement was inappropriate because the teams could have "readily noticed" his defalcations as soon as the insuring entities advised the teams that the premiums had not been received. He also argues there is no support for the district court's finding that a "trust agreement" existed between him and his clients. He also suggests his position was no greater than the now proverbial bank teller.
 
 
 10
 The government points out, however, that Mr. Hubbard's arrangements with the teams enabled him to escape easy detection. For example, he arranged with the underwriter for the Raiders to pay their disability insurance premiums directly to him, and not the underwriter. A similar agreement was adopted with the Denver Nuggets. These arrangements gave Mr. Hubbard a three month period in which his scheme could escape detection.
 
 
 11
 Defendant's dealings with the Denver Broncos resulted in his receiving a power of attorney from the team to deal with its worker's compensation matters. As a result, the State Compensation Insurance Authority recognized Mr. Hubbard as agent and attorney for the Broncos in all matters before the agency. Because of this arrangement, the Broncos had no way of knowing their worker's compensation insurance premiums had been misapplied because the delinquency notices were sent to Mr. Hubbard and not the Broncos.
 
 
 12
 These circumstances provide an ample basis for the imposition of the enhancement without consideration of whether a "trust agreement" legally existed between defendant and his clients. We cannot, therefore, conclude the district court's findings were clearly erroneous. Moreover, even though a formal indenture may not have been executed by the parties, the aura of confidence and dependence attendant to the actual arrangements they made provided the district court with grounds upon which to conclude a "trust" had been established within the context of § 3B1.3.
 
 
 13
 AFFIRMED.
 
 
 14
 ---------------
 
 
 
 * This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.